IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TODD MICHAEL LUSHER, | ) | Case No. 1:17cv01947 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

**I.     Introduction**

Plaintiff Todd Michael Lusher filed a complaint challenging the final decision of Defendant Commissioner of Social Security, denying his application for disability insurance benefits. ECF Doc. No. 1. This case is before me pursuant to an automatic order of reference under Local Rule 72.2(b) for a Report and Recommendation. Lusher has requested leave to proceed *in forma pauperis* ("IFP") in this matter. ECF Doc. No. 2. For the reasons set forth below, the undersigned recommends Lusher's motion to proceed *in forma pauperis* be **DENIED**.

**II.    Law and Analysis**

Pursuant to 28 U.S.C. §1915, this Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status

does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (*citing Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988)).  Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.*  In addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered "his or her other financial resources, including resources that could be made available from the applicant's spouse, or other family members," as well as equity in real estate and automobiles. *Helland v. St. Mary's Duluth Clinic Health Sys.*, No. 10-31, 2010 WL 502781, at *1, n1 (D. Minn. Feb. 5, 2010); *Behmlander v. Comm'r of Soc. Sec.*, No. 12-CV-14424, 2012 WL 5457466, at *2 (E.D.Mich. Oct, 16, 2012); s*ee also Reynolds v. Crawford*, No. 1:01-cv-877, 2009 WL 3908911, at *1 (S.D. Ohio Nov. 17, 2009) (The case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed in forma pauperis.) (collecting cases); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn), aff'd, 788 F.2d 1 (2d Cir. 1985) (Table Decision) (If the plaintiff is supported by a spouse, and the spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent plaintiff from gaining access to the courts).

Here, Lusher's application indicates that his spouse earns an income of $2,800.00 a month[1] and that the couple's expenses are $2,640.00 a month (including $100/month in recreation and entertainment expenses).  Lusher also indicated that he or his spouse are leasing a

---

[1] Lusher's spouse had a yearly income of $33,600.  This exceeds the 2017 Poverty Guideline for a family of two, which is $16,240.  See https://aspe.hhs.gov/poverty-guidelines (last visited September 18, 2017). "Although not the required standard for determining entitlement to IFP status, these guidelines are used to determine financial eligibility for certain federal programs and, at the very least, provide some guidance with respect to whether an individual is in poverty and, thus, likely unable to pay the filing fee." *Kuczma v. Comm'r of Soc. Sec.*, No. 1:16-CV-3072, 2017 WL 384416, at *2 (N.D. Ohio Jan. 5, 2017), report and recommendation adopted sub nom. *Kuczma v. Colvin*, No. 1:16CV3072, 2017 WL 366281 (N.D. Ohio Jan. 25, 2017)

2016 Chevrolet Malibu valued at $15,000 and that his spouse has $1,000 in her checking account. Lusher and his spouse receive enough monthly income to cover the couples expenses and at least $160 a month remains for other discretionary spending. In addition, the couple has $1,000 in a checking account. Thus, it appears Lusher possesses the financial ability to cover the costs of filing the complaint without undue financial hardship and this is a case in which plaintiff must "weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims." *Behmlander*, 2012 WL 5457466 at *2. IFP applications have been denied where the applicant's surplus income and/or assets exceed the cost of filing the complaint. *See Collins v. Comm'r of Soc. Sec.,* No. 1:17CV769, 2017 WL 1839214, at *2 (N.D. Ohio Apr. 14, 2017), report and recommendation adopted, No. 1:17CV769, 2017 WL 1788763 (N.D. Ohio May 5, 2017)(recommending denial of IFP where $500/month remained for discretionary monthly expenses); *Boykin v. Comm'r of Soc. Sec.,* No. 1:17-CV-235, 2017 WL 1041353, at *2 (N.D. Ohio Feb. 8, 2017)(recommended denial of IFP where gross income exceeded gross monthly expenses by $490, despite reporting no cash in checking of saving accounts); *Kuczma v. Comm'r of Soc. Sec.*, No. 1:16-CV-3072, 2017 WL 384416, at *2 (N.D. Ohio Jan. 5, 2017), r*eport and recommendation adopted sub nom. Kuczma v. Colvin*, No. 1:16CV3072, 2017 WL 366281 (N.D. Ohio Jan. 25, 2017)(IFP denied where plaintiff's average gross monthly income exceeded monthly expenses by $410); *Behmlander*, 2012 WL 5457466 at *2 (denying IFP application where monthly income was $2,500 and ownership interest in house was valued at $3,000); *Powell v. Harris*, No. 1:08–CV–344, 2008 WL 4279494, at *3 (N.D.N.Y. Sept. 15, 2008) (denying IFP application where the plaintiff earned $18,200 per year and had $1,500 in his savings account); *Brown v. Dinwiddle*, 280 Fed. App'x 713, 715–16 (10th Cir.2008) (denying

IFP application where plaintiff had $850 in his savings account and could thus afford the $455 filing fee for his appeal).

**III.    Conclusion**

For the foregoing reasons, I recommend that the Court **DENY** Lusher's motion to proceed IFP and require Lusher to pay the filing fee in this matter.

Dated: September 18, 2017

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).